24485. HORTON, Administratrix, et al. v. HARPER et al.

SUBMITTED FEBRUARY 12, 1968—DECIDED MARCH 7, 1968.

*Albert E. Butler,* for appellants.

*William A. Zorn, J. H. Highsmith,* for appellees.

ALMAND, Presiding Justice. James L. Harper and Robert L. Harrison brought an action against Mrs. Ruby O. Horton, personally and as administratrix of T. B. Horton's estate, her son-in-law and her four children seeking to enjoin the defendants from prohibiting or hindering the plaintiffs from surveying a certain described tract of land allegedly owned by the plaintiffs, to restrain the defendants from obstructing or denying the plain-

tiffs' possession of said property, to have a money judgment for reasonable rental of said property during the period of time it was illegally occupied by defendants, to have a decree that title in fee simple in said property is vested in plaintiffs, to have a writ of possession issue putting plaintiffs in possession and to enjoin the defendants from interfering in any manner with plaintiffs in their possession of said property.

T. B. Horton, now deceased, the husband of Mrs. Ruby O. Horton and the father or father-in-law of the remaining defendants, owned the described tract of land that was located in Wayne County, Georgia, which on December 5, 1960, he conveyed by deed to secure debt to the Federal Land Bank of Columbia to secure an indebtedness of $41,000. On July 5, 1961, T. B. Horton conveyed this property by warranty deed to C. W. Harvey subject to the deed to secure debt to the Federal Land Bank with C. W. Harvey assuming such indebtedness. In litigation that followed, C. W. Harvey sought possession of said property, and by cross action T. B. Horton claimed a substantial portion of the consideration for the property had not been paid. While this litigation was pending the indebtedness on the security deed to the Federal Land Bank became in default, and the property was sold under an order of the Wayne Superior Court whereby all proceeds of the sale in excess of the indebtedness due the Federal Land Bank would be paid into court pending the litigation between C. W. Harvey and T. B. Horton. At this point the present suit was instituted, and it alleges in substance: J. G. Purvis purchased the land at this sale and subsequently sold it to Robert L. Harrison, plaintiff, who sold a half interest in this land to James L. Harper, plaintiff. Mrs. Ruby O. Horton, the widow of T. B. Horton, and the other defendants have been in possession of the tract of land in question since the foreclosure sale although repeated demands for possession have been made by plaintiffs. Defendants steadfastly refuse to surrender possession even though they have no right, title, claim or interest in said property. Plaintiffs have executed a sale agreement to a prospective purchaser obligating plaintiffs to deliver possession of the property to this purchaser. In order to conclude the sale an accurate

survey of the property must be obtained, and the defendants have prevented and obstructed the entry of a surveyor on said property thereby preventing plaintiffs from complying with their sale agreement. Defendants' delay in surrendering possession of the property will jeopardize plaintiffs' opportunity to sell the property, and the defendants are insolvent and unable to answer in law for a money judgment for hindering the fulfillment of the sale contract. Defendants are occupying the improvements upon the property without the payment of rent or permission of the owners.

Plaintiffs prayed that the defendants be enjoined from prohibiting or hindering the plaintiffs from surveying the land and be restrained from obstructing or denying the plaintiffs of possession and that plaintiffs have a money judgment for reasonable rental of the property during the period of time illegally occupied by defendants.

The plaintiffs amended their petition making the further allegations that: T. B. Horton, the maker of the deed to secure debt, was the owner and in possession of said property on the date of execution of said security deed. Any claim of title or right of possession by defendants is by virtue of the ownership of T. B. Horton, and any such claim arose subsequent to the date of the execution of the security deed by T. B. Horton. Plaintiffs deny that the defendants have any valid claim to title or right of possession in said property.

Further, plaintiffs prayed that it be decreed that title in fee simple to said property is vested in the plaintiffs, that a writ of possession issue placing plaintiffs in possession and that defendants be enjoined from interfering in any manner with plaintiffs' possession.

The defendants filed an answer which denied that the plaintiffs were the owners of the property and a cross bill which sought to nullify the plaintiffs' claim to the property. The defendants filed a motion to strike and general demurrers to the petition which were overruled. Subsequently, plaintiffs made a motion for summary judgment attaching several affidavits in support thereof. After a hearing, the court granted the motion, adjudging that the fee simple title in the property in question be

vested in the plaintiffs, that a writ of possession issue placing the plaintiffs in possession and that the defendants be permanently enjoined from interfering in any manner with the plaintiffs' possession of the property.

The appeal is from the overruling of the motion to strike and the general demurrers and the granting of the motion for summary judgment.

■ The defendants' motion to strike sought to have the entire petition as amended dismissed because one of the prayers of the petition allegedly requested a mandatory injunction. The plaintiffs' equitable petition as amended prayed for several consistent forms of relief. Included in these prayers was a request for a decree adjudging the plaintiffs to have a fee simple interest in the property, and the additional prayer for a writ of possession is ancillary to and consistent with such a prayer for title.

The allegations of the plaintiffs' petition adequately set forth a cause of action for the equitable relief sought. Therefore, the trial court properly overruled the defendants' motion to strike and general demurrers.

■ With the motion for summary judgment the plaintiffs submitted affidavits of C. E. Symmes, attorney of the Federal Land Bank, and Robert L. Harrison as well as exhibits consisting of copies of T. B. Horton's security deed to the Federal Land Bank, the Federal Land Bank's deed to J. G. Purvis, J. G. Purvis'. deed to Robert L. Harrison and Robert L. Harrison's deed conveying a one-half undivided interest in said property to James L. Harper. These affidavits and exhibits show that on December 5, 1960, T. B. Horton conveyed the land in question by deed to secure debt to the Federal Land Bank evidencing an indebtedness of $41,000, that thereafter the indebtedness came into default and the property was advertised for sale under the power of sale contained in said security deed, that Mrs. Ruby O. Horton brought an equitable suit against the Federal Land Bank to enjoin such sale, that after a hearing the court entered an order permitting the sale of the property, that said property was duly advertised and sold to J. G. Purvis on September 19, 1966, that on or about October 1, 1966, J. G.

Purvis sold and conveyed by warranty deed this same tract of land to Robert L. Harrison, and that on this same day Robert L. Harrison executed and delivered a warranty deed conveying a one-half undivided interest in said property to James L. Harper. The defendants filed no affidavits in opposition to the motion for summary judgment, but at the hearing on the motion introduced into evidence the records of two cases which involved the same property in question here. A survey of these records introduced by the defendants in no way denies the plaintiffs' clear showing of title and creates no material issue of fact. Therefore, the trial court properly granted the plaintiffs' motion for summary judgment.

*Judgment affirmed.  All the Justices concur.*